IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,   )<br>   )<br>   Plaintiff,   )<br>   )<br>v.   )<br>   )<br>JOHN KIRK SALVADORI,   )<br>   )<br>   Defendant.   )<br>_____) | Case No. CR-06-167-S-BLW<br><br>**MEMORANDUM DECISION<br>AND ORDER** |

## INTRODUCTION

The Court has before it the Government's Amended Motion to Vacate Judgment, Set Aside Convictions, and Re-Prosecute Defendant (Docket No. 46). The Court held an evidentiary hearing on April 6 and 10, 2007, and the parties submitted supplemental briefs two weeks later. The Court now issues its decision.

## ANALYSIS

Initially, the Government sought an order vacating Salvadori's earlier guilty plea so that the Government could re-prosecute Salvadori on that claim. Subsequently, given what the Government suggested was uncertainty in the law over the Court's authority to vacate a guilty plea, the Government amended its motion to seek leave to prosecute Salvadori on the counts that were dismissed

**Memorandum Decision and Order -- Page 1**

pursuant to the plea agreement. The Government argues that it can prosecute Salvadori on those claims because Salvadori breached the plea agreement.

Courts have relied on common law authority to interpret the terms of a plea agreement and determine that a party has breached a plea agreement. *See United States v. Partida-Parra*, 859 F.2d 629, 633 (9th Cir. 1988). In determining whether a district court can vacate a plea agreement, the Ninth Circuit has stated that the proper analysis includes determining whether the court has acted pursuant to its common law authorization to address breached plea agreements. *Id*. at 634, n.6.

Plea agreements are contractual in nature and are therefore measured by contract law principles. *See United States v. Trapp*, 257 F.3d 1053, 1056 (9th Cir. 2001). If the terms of the plea agreement on their face are clear and unambiguous, the Court will not look to extrinsic evidence to determine their meaning. *Id*. at 1056. If the plea agreement is ambiguous, the Court must decide what obligations the agreement imposed upon the parties. *See United States v. Anderson*, 970 F.2d 602, 607 (9th Cir. 1992) (citing *McKenzie v. Risley*, 801 F.2d 1519, 1526 (1986). The district court should resolve such ambiguities by objective standards. *Id*. Still, the Government is to be held to the literal terms of the agreement. *Id*.

Either the government or the defendant can be said to breach a plea

**Memorandum Decision and Order -- Page 2**

agreement if the party fails to live up to the promises it made under the terms of the agreement.  *See United States v. Sandoval-Lopez*, 122 F.3d 797, 800 (9th Cir. 1997).  Courts have found the government to be free from its obligations under a plea agreement where a defendant has breached the agreement.  *Id*.

In this case, the plea agreement states that "[t]he defendant agrees to provide all material financial and other information as may be requested by a representative of the United States Probation Office for use in preparing a Presentence Report." (Plea Agreement, p. 9).  The Government contends that Salvadori breached these terms of the plea agreement by failing to provide, or providing false, material information to the probation officer.  Specifically, the Government contends that Salvadori provided the probation officer with false information when he stated that he had moved out of the gang neighborhood, was not "in the life" anymore, and that although he had been a member of the North Side Nampa gang from ages 16-23, since then he has not affiliated with the gang.  The Government contends that these statements were material to Salvadori's case because the Court relied on them, along with similar statements made during sentencing, in giving Salvadori a lessor sentence.

The Court finds that the plea agreement is unambiguous, at least with respect to the portion at issue pursuant to the pending motion.  In relevant part, the plea

**Memorandum Decision and Order -- Page 3**

agreement required Salvadori to provide material information requested by the probation officer. Holding the Government to the literal terms of the agreement, as the Court must do, this means that the probation officer needed to request information about Salvadori's gang status before Salvadori was required to provide such information. *See United States v. Anderson*, 970 F.2d 602, 607 (9th Cir. 1992) (citing *McKenzie v. Risley*, 801 F.2d 1519, 1526 (1986).

The Government suggests that, based on the general requirement that a probation officer conduct a presentence investigation and prepare a presentence report, the probation officer requested that Salvadori provide the probation officer with Salvadori's gang status. Unfortunately for the Government, such an inference does not comply with the literal terms of the agreement. Moreover, the record before the Court does not indicate that the probation officer ever specifically requested that Salvadori provide him with his gang status – the Government did not call the probation officer who prepared the presentence report as a witness at the evidentiary hearing in this matter. The Court is left to guess whether the probation officer requested such information, and, although the Court's guess would be that he did, a guess is not sufficient evidence.

It appears that Salvador misled the Government, the probation officer, and the Court when he suggested that he was no longer affiliated with a gang. In fact,

**Memorandum Decision and Order -- Page 4**

based on the Court's review of the transcript of Salvadori's sentencing, the Court feels particularly deceived by Salvadori. Unfortunately, that deception resulted in his receiving a substantially shorter sentence than he deserved. However, the Court cannot find that Salvadori breached the literal terms of the plea agreement. Therefore, the Court must deny the Government's motion.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that the Government's Motion to Vacate Judgment, Set Aside Convictions, and Re-Prosecute Defendant (Docket No. 37) shall be, and the same is hereby, DEEMED MOOT.

IT IS FURTHER ORDERED that Government's Amended Motion to Vacate Judgment, Set Aside Convictions, and Re-Prosecute Defendant (Docket No. 46) shall be, and the same is hereby, DENIED.

DATED: **May 23, 2007**

Honorable B. Lynn Winmill
Chief U. S. District Judge